UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Gloria Dix, | ) | Civil Action No.: 4:14-cv-00780-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| City of North Myrtle Beach, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on a motion for summary judgment [ECF #24] filed by Defendant, City of North Myrtle Beach (the "City"), on January 2, 2015. Plaintiff alleges she suffered discrimination, retaliation, and a hostile work environment because of her sex in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e).[1] This matter is before the court with the Report and Recommendation ("R&R") [ECF #42] of Magistrate Judge Thomas E. Rogers filed on June 26, 2015.[2] The Magistrate Judge recommended granting summary judgment and dismissing the case in its entirety. Plaintiff filed timely objections [ECF #43] to the Magistrate Judge's R&R and the City filed a reply [ECF #45].

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo*

---

[1] Plaintiff initially asserted an additional claim for age discrimination under the Age Discrimination in Employment Act ("ADEA"), but has since abandoned that claim.

[2] This matter was referred to Magistrate Judge Rogers pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and Local Civil Rule 73.02(B)(2)(g).

determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R & R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the

mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"Once the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, unsupported speculation, or conclusory allegations to defeat a motion for summary judgment. *See Baber*, 977 F.2d at 875. Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

### Factual and Procedural Background[3]

Plaintiff was hired by Defendant City of North Myrtle Beach as a buyer in the City's Purchasing Department in March of 2007. Plaintiff was promoted to the position of support services supervisor on July 9, 2007. In January of 2008, Plaintiff received a generally positive employee evaluation from Joel Davis with scores of either meets expectations or exceeds expectations in all categories. Davis, however, also noted specific areas in which he expected improvement.

In March of 2009, Plaintiff received another evaluation. This evaluation was completed by City Manager, John Smithson. Smithson rated Plaintiff's performance as below expectations in the

---

[3] Because the facts of this case are thoroughly discussed in the Magistrate Judge's R&R, which is adopted and incorporated by reference, it is not necessary for the Court to restate them in their entirety in this Order.

categories of Leading, Employee Relations, Judgment, and Relationships with Others. Plaintiff was rated as meets expectations on the remaining categories except for one exceeds expectations rating. Smithson noted complaints about the time it takes for the requisition-to-buy process and deficiencies in Plaintiff's interaction with the staff.

Within a few months of the March 2009 evaluation, Assistant City Manager Steve Thomas asked Plaintiff to take on additional responsibilities following the departure of a fellow employee, Twyla Strevel.

In November of 2009, Thomas prepared a memo outlining problems with Plaintiff's work performance. Plaintiff was placed on a six-month probationary period to give her an opportunity to improve her performance.

In November of 2010, Plaintiff complained about Thomas to Mike Mahaney citing his failure to properly perform his position and conduct her evaluations. Also in November of 2010, Thomas completed a probationary period evaluation of Plaintiff. Thomas rated Plaintiff as substantially below expectations in guiding and influencing employees, instituting confidence in employees, employee relations, and interaction and communication with subordinates. Thomas rated Plaintiff as below expectations in twenty-two separate categories ranging from communicating plans to employees to doing work that meets standards. As a result of Plaintiff's continued work performance problems, Thomas demoted Plaintiff to her former position as buyer effective November 29, 2010.[4] Despite the demotion, Plaintiff maintained her same salary.

---

[4] Plaintiff does not make a claim of discrimination based on her November 29, 2010 demotion. Plaintiff indicated in her brief that she has not presented any claims prior to September 2012, which is consistent with Plaintiff's EEOC charge of discrimination.

Thomas continued to note issues with Plaintiff's job performance in the probationary period evaluation between December 5, 2010, and May 5, 2011. Such problems included: 1) improperly changing bids; 2) ordering the wrong item for a department and leaving it to the department to correct the error; 3) improper communication with contract bidders, which Plaintiff then denied; 4) failure to send purchase orders and order items on time; 5) ordering the wrong number of products; 6) ordering uniforms incorrectly, which required intervention to correct; 7) mishandling quotes and purchase orders with vendors; 8) spending an inordinate amount of time working on a bronze plaque for the fire department; 9) posting a job advertisement without HR approval; and 10) printing and attaching dozens of sheets of paper to purchase orders, wasting both paper and resources.

For the probationary period between May 5, 2011, and May 5, 2012, Thomas wrote that Plaintiff "continues to commit many of the same types of errors that noted in her previous probationary evaluation due to many of the same factors and observations also outlined in the previous evaluation." Thomas recommended extending Plaintiff's probationary period an additional six months or no later than March 12, 2013, to give her one last opportunity to improve. Thomas stated in the evaluation that "[a]ny work errors or miscommunications noted to the level addressed in this evaluation or the previous one shall result in immediate termination."

Thomas completed another performance evaluation in September of 2012. Thomas rated Plaintiff as substantially below expectations in wasting the City's resources/supplies and below expectations in understanding the technical/conceptual/interpersonal requirements of the job, doing work that is neat/in good order, doing work that is complete/error free, doing work that meets goals/standards, performs required amount of conceptual work, exercising judgment in routine/non-

routine situations, anticipating consequences of decisions, and communicating with customers/external parties/supervisors.

At some point, although not entirely clear from the record, Loy Williford became Plaintiff's supervisor. Williford conducted Plaintiff's final probationary evaluation covering the period between September 9, 2012, and March 12, 2013. Williford found the same problems previously noted by Thomas including making wasteful copies, attaching unnecessary documents to purchase orders, issuing multiple purchase orders to the same vendor rather than combining into one purchase order, and failing to follow up on shipments from purchase orders. Williford also noted additional mistakes by Plaintiff including: 1) failing to submit purchase orders for requested items; 2) failing to submit proofs of business cards to the department for review prior to approving them, resulting in printing errors on the final product; 3) purchasing a stamp that said "FILE" instead of "FILED" as requested; 4) failing to use a state-wide contract vendor that offered a state contract price that was contrary to the procurement code and resulted in the City paying a higher price for the product; 5) purchasing a container and a lid, adding $54.00 to the cost of the item when only a container was requested; and 6) ordering 204 dozen items when the requisition from the department was for 204 items.

Because Plaintiff continued to show the same performance issues over the course of a two year probationary period, Williford recommended that she be terminated. Thomas agreed with the recommendation as did City Manager Mike Mahaney. The City terminated Plaintiff's employment on March 14, 2013.

Plaintiff filed her Charge of Discrimination on April 4, 2013, alleging discrimination on the basis of her sex and age.[5]  Plaintiff alleged in her EEOC charge that the discrimination took place between September 2012 and March 2013.  This case was filed in the Horry County Court of Common Pleas on January 24, 2014, and removed to this Court on March 7, 2014, on the basis of federal question jurisdiction.

## Discussion

### I.    Sex Discrimination

The Magistrate Judge recommended granting summary judgment on Plaintiff's Title VII sex discrimination claim.  To establish a prima facie case of discrimination under Title VII, a plaintiff must show (1) she is a member of a protected class; (2) she was performing her job duties at a level that met her employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) that similarly-situated employees outside the protected class received more favorable treatment. *White v. BFI Waste Services, LLC*, 375 F.3d 288, 295 (4th Cir. 2004). The fourth element can also be met by showing other circumstances giving rise to a reasonable inference of unlawful discrimination. *Miles v. Dell, Inc.*, 429 F.3d 480, 486–87 (4th Cir. 2005).

If Plaintiff establishes a prima facie case, the burden shifts to Defendants to produce a legitimate, nondiscriminatory reason for the disparate treatment. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). This is merely a burden of production, not of persuasion. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).  Once the defendant has met its burden of production by producing a legitimate, nondiscriminatory reason, the sole remaining issue is "discrimination vel non." *Reeves v.*

---

[5]    As noted, Plaintiff has abandoned her age discrimination claim.

*Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (citing *Postal Service Bd. of Governors v. Aikens*, 460 U.S. 711, 716, 103 S.Ct. 1478, 75 L.Ed. 2d 403 (1983)). In other words, the burden shifts back to Plaintiff to demonstrate by a preponderance of the evidence that the legitimate reason produced by Defendants is not its true reason, but was pretext for discrimination. *Reeves*, 530 U.S. at 143.

Specifically, the Magistrate Judge found that Plaintiff failed to establish evidence from which a reasonable juror could conclude that she was performing her job duties at a level that met her employer's legitimate expectations. The Magistrate Judge further found that assuming Plaintiff could establish a prima facie case of sex discrimination, she failed to show that Defendant's legitimate, non-discriminatory reason for her termination - her continued poor performance - was actually a pretext for a discriminatory reason.

With respect to whether Plaintiff was performing her job duties at a level that met her employer's legitimate expectations, Plaintiff argues in her objections that the Court failed to note that a January 2011 report included Purchase Order Dollars in the amount of $1,508,276.00 while she was supervisor. Plaintiff also noted that in July of 2011 she successfully completed a sole source letter and obtained a significant amount of money for the City. Plaintiff also points to her 2008 evaluation as evidence that she was meeting her employer's legitimate expectations. Plaintiff argues that any of her performance issues were a result of Thomas' failure to perform essential management functions and Williford's efforts to undermine Plaintiff's employment. Plaintiff claims that her work performance was exemplary for 2011 and 2012 despite Thomas and Williford's evaluations to the contrary. Plaintiff argues that during her last two years of employment, she did not receive any verbal or written warnings about her work performance but

8

only received evaluations that set forth issues with her performance. Plaintiff also notes that her performance issues did not violate the City's Procurement Code.

Other than her own unsubstantiated assertions that her work performance was exemplary during her last two years of employment, Plaintiff has failed to direct the Court to any evidence from which a reasonable juror could conclude that Plaintiff was meeting her employer's legitimate expectations at the time of her termination. Plaintiff's poor work performance was thoroughly documented by the City as evidenced through memos and performance evaluations dating back to November 2009. Plaintiff's poor work performance in 2009 resulted in her being placed on probation. According to the evaluations, Plaintiff's work performance did not improve and she remained on probation through her termination in March of 2013. "Whether an employee is performing at a level that meets legitimate expectations is based on the employer's perception, and [Plaintiff's] own, unsubstantiated assertions to the contrary are insufficient to stave off summary judgment." *Morrall v. Gates*, 370 F. App'x 396, 398 (4th Cir. 2010); *King v. Rumsfeld*, 328 F.3d 145, 149 (4th Cir. 2003) (holding "[Plaintiff's] own testimony, of course, cannot establish a genuine issue as to whether [Plaintiff] was meeting [the employer's] expectations"). Plaintiff's bare assertion that she was meeting her employer's legitimate expectations, without more, is insufficient to defeat the City's motion for summary judgment.

To the extent Plaintiff relies on her work performance in 2008 or 2011, the relevant time to evaluate an employee's performance is at the time of the adverse action. *Miles v. Dell, Inc.*, 429 F.3d 480, 485 (4th Cir. 2005). The adverse action in this case was Plaintiff's termination in March of 2013. Plaintiff offers insufficient evidence to create a genuine issue of fact that she was meeting her employer's legitimate expectations in March of 2013. Critically, even assuming Plaintiff has

met her burden of establishing a prima facie case of sex discrimination, Plaintiff directs the Court to no facts that would suggest the City's explanation for Plaintiff's termination was a pretext for discrimination. For those reasons, the City is entitled to summary judgment on Plaintiff's Title VII sex discrimination claim.

## II.     Hostile Work Environment

"[A] plaintiff may establish a violation of Title VII by proving that discrimination based on sex has created a hostile or abusive work environment." *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 66 (1986). To state a claim for hostile work environment under Title VII, a plaintiff must show that "the offending conduct (1) was unwelcome, (2) was based on her sex, (3) was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment, and (4) was imputable to her employer." *E.E.O.C. v. Fairbrook Medical Clinic, P.A.*, 609 F.3d 320, 327 (4th Cir. 2010) (citing *Ocheltree v. Scollon Prods., Inc.*, 335 F.3d 325, 331 (4th Cir. 2003) (en banc)). To show that conduct was sufficiently severe or pervasive to create a hostile environment, Plaintiff must establish that the environment was "both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21–22 (1993)). Actionable harassment occurs when the workplace is "permeated with discriminatory intimidation, ridicule, and insult." *Harris*, 510 U.S. at 21.

The Magistrate Judge found that Plaintiff had failed to show an environment that was permeated with discriminatory intimidation, ridicule, and insult. Plaintiff failed to set forth a specific objection to the Magistrate Judge's finding but instead argues generally that Williford's actions created a sexually hostile work environment. Plaintiff does not specify in her objections

what Williford did to create a sexually hostile work environment. Plaintiff argues generally that the Magistrate Judge failed to characterize the facts in a light most favorable to the Plaintiff and ignored multiple facts including her allegation that Williford made several inappropriate comments about Plaintiff in emails to other employees. In her deposition, Plaintiff testified that Williford created a hostile work environment by requiring her and another female employee in the procurement department to work in the warehouse, a job for which she had no training.

"There is no 'mathematically precise test' for determining if an environment is objectively hostile or abusive." *Fairbrook Med. Clinic. P.A.*, 609 F.3d at 328. "Objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position, considering 'all the circumstances.' " *Id.* (citing *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998)). The Fourth Circuit has held that "all the circumstances" includes " 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.' " *Id.* at 328 (quoting *Harris*, 510 U.S. at 23). When evaluating a Title VII claim, however, the court must always be cognizant of the fact that Title VII is not a "general civility code." *Oncale*, 523 U.S. at 81, 118 S.Ct. 998. While it protects against sexual harassment, it does not reach mere boorishness or crude behavior. *Fairbrook Med. Clinic, P.A.*, 609 F.3d at 328.

Viewing the evidence in the light most favorable to Plaintiff, Williford's alleged offensive conduct was not sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create a sexually abusive work environment. The emails that Williford sent concerning Plaintiff, while inappropriate, do not indicate an environment that was permeated with

11

*discriminatory intimidation, ridicule, and insult*. The emails were not sexually discriminatory in nature and seemed only to indicate that Williford did not like Plaintiff. Title VII was not meant to remedy hurt feelings. With regard to Plaintiff's allegation that she was required to work in the warehouse, Plaintiff fails to show that such an assignment contributed to create an environment that was permeated with discriminatory intimidation, ridicule, and insult. The City, therefore, is entitled to summary judgment on Plaintiff's hostile work environment claim.

### III.    Retaliation

To establish a prima facie claim of retaliation in violation of Title VII, a plaintiff must show that "(1) that she engaged in a protected activity," as well as "(2) that her employer took an adverse employment action against her," and "(3) that there was a causal link between the two events." *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 281 (4th Cir. 2015). "The employer may then rebut the prima facie case ... by showing that there was a legitimate non-discriminatory reason for the adverse action ... after which the burden shifts back to the plaintiff to show that those reasons are pretextual." *Munday v. Waste Mgmt. of North Am., Inc.*, 126 F.3d 239, 242 (4th Cir. 1997).

The Magistrate Judge found that Plaintiff failed to establish a causal connection between any protected activity and her termination. Specifically, the Magistrate Judge found that Plaintiff could not rely on the temporal proximity between her protected activity and her termination to establish a causal connection because almost six months elapsed between Plaintiff's last protected activity and her termination. Finding no other relevant evidence to support a causal connection, the Magistrate Judge recommended summary judgment on Plaintiff's retaliation claim.

Plaintiff failed to make a specific objection to the Magistrate Judge's conclusion that Plaintiff could not establish a causal connection between her protected activity and her termination.

In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court agrees with the recommendation of the Magistrate Judge that the Plaintiff cannot establish a causal connection between any protected activity and her termination. In Plaintiff's case, too much time has elapsed between her last protected activity and her termination to establish a causal connection based on proximity alone. Plaintiff has not suggested any other evidence to establish a causal connection. Additionally, even assuming that Plaintiff could meet her burden of establishing a prima facie case of retaliation, she fails to offer sufficient evidence to create a genuine issue of material fact as to whether the City's legitimate, non-discriminatory reasons for terminating her were pretextual. The City is entitled to summary judgment on Plaintiff's Title VII retaliation claim.

## Conclusion

Having reviewed the record and applicable law, the Court agrees with the conclusions of the Magistrate Judge. The Court has reviewed Plaintiff's objections and finds that they are without merit. The court overrules Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation [ECF #42] of the Magistrate Judge. Defendant City's [ECF #24] motion for summary judgment is **GRANTED** as to Plaintiff's sex discrimination, hostile work environment, and retaliation claims under Title VII. This case is hereby dismissed with prejudice.

**IT IS SO ORDERED.**

August 26, 2015                                              s/ R. Bryan Harwell
Florence, South Carolina                              R. Bryan Harwell
                                                                        United States District Judge